WK:WPC/TAW/RK/JSY
F. #2018R1033

IRIZARRY, CH.J.

TISCIONE, M.J.



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

XIAO YING HUANG,
    also known as "Linda" and
    "Ying,"
QIONG CHAN MU,
    also known as "Rosanna," and
REN ZHONG ZHU,
    also known as "Ren" and
    "Ah Zhong,"

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

CR No. 18 00423

(T. 18, U.S.C., §§ 371, 982(a)(2),
982(a)(6), 982(b)(1), 1546(a), 2320(a),
2320(a)(1), 2320(b)(1)(A), 2323(b)(1),
2323(b)(2), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p))

THE GRAND JURY CHARGES:

## INTRODUCTION

    At all times relevant to this Indictment, unless otherwise indicated:

I.    <u>The Trademark Counterfeiting Act of 1984</u>

    1.    The Trademark Counterfeiting Act of 1984, as amended, criminalized

trafficking in counterfeit goods.   Pursuant to Title 18, United States Code, Section 2320(a)(1), it

was a crime to intentionally traffic in goods and knowingly use a counterfeit mark in connection

with such goods.   Pursuant to Title 18, United States Code, Section 2320(a)(2), it was a crime

to intentionally traffic in "labels, . . . emblems, medallions, . . . or packaging of any type or

nature, knowing that a counterfeit mark [had] been applied thereto, the use of which was likely to

2

cause confusion, to cause mistake, or to deceive."    Pursuant to Title 15, United States Code, Section 1127, a "mark" included "any trademark."

       2.     Pursuant to Title 15, United States Code, Section 1127, a trademark included "any word, name, symbol, or device, or any combination thereof . . . used by a person . . . to identify and distinguish his or her goods . . . from those manufactured or sold by others and to indicate the source of the goods."

       3.     Pursuant to Title 18, United States Code, Section 2320(f)(1)(A), a "counterfeit mark" was a "spurious" mark:

       (a)     that was used in connection with trafficking in any goods, labels, emblems or packaging of any type or nature;

       (b)     that was identical with, or substantially indistinguishable from, a mark registered on the principal register in the United States Patent and Trademark Office ("USPTO"), and in use;

       (c)     that was applied to or used in connection with the goods for which the mark was registered with the USPTO; and

       (d)     the use of which was likely to cause confusion, to cause mistake, or to deceive.

       4.     Pursuant to Title 18, United States Code, Section 2320(f)(5), the term "traffic" meant "to transport, transfer, or otherwise dispose of, to another, for purposes of commercial advantage or private financial gain, or to make, import, export, obtain control of, or possess, with intent to so transport, transfer, or otherwise dispose of."

II.     The Rights Holder

5.      Michael Kors LLC (the "Rights Holder") owned trademarks, including a "Michael Kors" word mark (the "Trademark"), which was registered on the principal register of the USPTO under registration number 2520757.

6.      The Rights Holder registered the Trademark for use on handbags, wallets and other apparel and merchandise.   The Rights Holder marked its goods with the Trademark to distinguish them from its competitors' products and to assure the public of their quality.   At no time did the Rights Holder authorize, ratify or acquiesce to the use of the Trademark by the participants in the scheme described below.

III.    The Defendants and Relevant Entities

7.      The defendant XIAO YING HUANG, also known as "Linda" and "Ying," resided in Nassau County, New York.

8.      The defendant QIONG CHAN MU, also known as "Rosanna," resided in Nassau County, New York.

9.      The defendant REN ZHONG ZHU, also known as "Ren" and "Ah Zhong," resided in Nassau County, New York.

10.     The defendants QIONG CHAN MU and REN ZHONG ZHU were married to each other.

11.     The defendant XIAO YING HUANG was the mother of the defendant REN ZHONG ZHU and the mother-in-law of the defendant QIONG CHAN MU.

12.     Ren-Friendly Trading, Inc. ("Ren-Friendly") was a wholesale handbag and accessories business that operated in Queens, New York.

4

13.     6th Ave Handbag, Inc. ("6th Ave Handbag") was a wholesale handbag and accessories business that operated in New York, New York.

14.     Ren-Friendly and 6th Ave Handbag were owned and operated by the defendants XIAO YING HUANG, QIONG CHAN MU and REN ZHONG ZHU (together, the "Defendants").

IV.     The Counterfeit Goods Scheme

15.     In or about and between June 2014 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the Defendants, together with others, participated in an international scheme to traffic goods, including handbags and wallets, that bore counterfeit trademarks ("Counterfeit Goods") for financial gain.

16.     The Defendants sold Counterfeit Goods, as well as generic handbags, wallets and other goods, through Ren-Friendly and 6th Ave Handbag.

17.     The Defendants directed co-conspirators at factories in China to manufacture generic goods that resembled brand-name merchandise but that bore either no trademarks or generic labels, emblems and medallions.

18.     The Defendants and their co-conspirators discussed how to design generic goods so that it would be easy to remove any generic labels, emblems and medallions, and to replace them with labels, emblems and medallions that bore counterfeit trademarks ("Counterfeit Labels") without damaging the goods.

19.     The Defendants also directed co-conspirators in China to manufacture Counterfeit Labels.   The defendants XIAO YING HUANG and REN ZHONG ZHU traveled to China to meet with manufacturers of Counterfeit Labels.

20.     The Defendants imported generic goods through Ren-Friendly and 6th Ave Handbag.   Separately, the Defendants imported Counterfeit Labels.   After the generic goods and Counterfeit Labels arrived in the United States, the Defendants affixed Counterfeit Labels onto the goods, thereby creating Counterfeit Goods.

21.     The Defendants sold the Counterfeit Goods through Ren-Friendly and 6th Ave Handbag to other wholesale and retail distributors in New York State and elsewhere in the United States.

22.     The Counterfeit Goods included counterfeit Michael Kors handbags and other counterfeit luxury and brand-name apparel and merchandise.

V.     Immigration Fraud

23.     On or about July 21, 2015, the defendant QIONG CHAN MU submitted to U.S. Citizenship and Immigration Services ("USCIS"), under penalty of perjury, immigration Form I-751 (Petition to Remove Conditions on Residence).   On the form, MU certified that she had never committed a crime for which she had not been arrested.   MU caused this form to be mailed to USCIS.

COUNT ONE
(Conspiracy to Traffic in Counterfeit Goods)

24.     The allegations contained in paragraphs one through 22 are realleged and incorporated as if fully set forth in this paragraph.

25.     In or about and between June 2014 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants XIAO YING HUANG, also known as "Linda" and "Ying," QIONG CHAN MU, also known as "Rosanna," and REN ZHONG ZHU, also known as "Ren" and "Ah Zhong," together with others, did knowingly and intentionally conspire to traffic in goods, to wit: handbags, wallets and other merchandise, and to use one or more counterfeit marks on and in connection with such goods, contrary to Title 18, United States Code, Section 2320(a)(1).

(Title 18, United States Code, Sections 2320(a), 2320(b)(1)(A) and 3551 et seq.)

## COUNT TWO
(Conspiracy to Smuggle Goods into the United States)

26.     The allegations contained in paragraphs one through 22 are realleged and incorporated as if fully set forth in this paragraph.

27.     In or about and between June 2014 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants XIAO YING HUANG, also known as "Linda" and "Ying," QIONG CHAN MU, also known as "Rosanna," and REN ZHONG ZHU, also known as "Ren" and "Ah Zhong," together with others, did knowingly and willfully conspire to import and bring into the United States merchandise contrary to law, to wit: labels, emblems and medallions that they, together with others, conspired to traffic knowing that they bore counterfeit marks, contrary to Title 18, United States Code, Section 2320(a)(2), and to receive, conceal and sell such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law, all contrary to Title 18, United States Code, Section 545.

28.    In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants XIAO YING HUANG, also known as "Linda" and "Ying," QIONG CHAN MU, also known as "Rosanna," and REN ZHONG ZHU, also known as "Ren" and "Ah Zhong," together with others, did commit and cause the commission of, among others, the following:

### Overt Acts

(a)    On or about October 11, 2014, the defendant REN ZHONG ZHU exchanged electronic messages with an individual in China about orders for counterfeit Michael Kors and Prada labels that had been placed by the defendant XIAO YING HUANG.

(b)    On or about October 29, 2014, the defendant REN ZHONG ZHU exchanged electronic messages with an individual in China about Counterfeit Labels that were to be shown to the defendant XIAO YING HUANG during an upcoming trip to China.

(c)    On or about February 20, 2015, within the Eastern District of New York, the defendant XIAO YING HUANG accepted from a purchaser payment for the sale of Counterfeit Goods.

(d)    On or about March 2, 2015, the defendants XIAO YING HUANG and REN ZHONG ZHU exchanged electronic messages about plans to visit a manufacturer of Counterfeit Labels or Counterfeit Goods during an upcoming trip to China.

(e)    On or about March 9, 2015, the defendants QIONG CHAN MU and REN ZHONG ZHU exchanged electronic messages about manufacturing a fake Chanel label.

(f)    On or about June 1, 2015, the defendant REN ZHONG ZHU had a telephone conversation with a purchaser about selling Counterfeit Goods.

(g)      On or about June 1, 2015, within the Eastern District of New York, the defendant QIONG CHAN MU assisted the defendant REN ZHONG ZHU in selling fake Michael Kors handbags to a purchaser.

(h)      On or about June 12, 2015, within the Eastern District of New York, the defendant QIONG CHAN MU accepted from a purchaser payment of approximately $2,850 in money orders for the sale of Counterfeit Goods.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT THREE
### (Trafficking in Counterfeit Goods)

29.      The allegations contained in paragraphs one through 22 are realleged and incorporated as if fully set forth in this paragraph.

30.      On or about June 1, 2015, within the Eastern District of New York and elsewhere, the defendants XIAO YING HUANG, also known as "Linda" and "Ying," QIONG CHAN MU, also known as "Rosanna," and REN ZHONG ZHU, also known as "Ren" and "Ah Zhong," together with others, did knowingly and intentionally traffic and attempt to traffic in goods, to wit: counterfeit Michael Kors handbags, and did knowingly use one or more counterfeit marks on and in connection with such goods.

(Title 18, United States Code, Sections 2320(a), 2320(a)(1), 2320(b)(1)(A), 2 and 3551 et seq.)

## COUNT FOUR
### (Immigration Fraud)

31.      The allegations contained in paragraphs one through 23 are realleged and incorporated as if fully set forth in this paragraph.

32.     On or about July 21, 2015, within the Eastern District of New York and elsewhere, the defendant QIONG CHAN MU, also known as "Rosanna," did knowingly and intentionally subscribe as true, under penalty of perjury pursuant to Title 28, United States Code, Section 1746, one or more false statements with respect to a material fact, to wit: that MU had never committed a crime for which she had not been arrested, in an application, affidavit and other document required by the immigration laws and regulations prescribed thereunder, to wit: immigration Form I-751, and did knowingly and intentionally present such application, affidavit and other document, which contained such false statement and which failed to contain any reasonable basis in law and fact, to USCIS.

(Title 18, United States Code, Sections 1546(a) and 3551 et seq.)

CRIMINAL FORFEITURE
ALLEGATION AS TO COUNTS ONE AND THREE

33.     The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Counts One and Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2323(b)(1) of (a) any article, the making or trafficking of which is prohibited under Title 18, United States Code, Section 2320; (b) any property used, or intended to be used, in any manner or part, to commit or facilitate the commission of such offenses; and (c) any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of such offenses.

34.     If any of the above-described property, as a result of any act or omission of the defendants:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

   (c)  has been placed beyond the jurisdiction of the court;

   (d)  has been substantially diminished in value; or

   (e)  has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 2323(b)(2), to seek forfeiture of any other

property of the defendants up to the value of the forfeitable property described in this forfeiture

allegation.

   (Title 18, United States Code, Sections 2323(b)(1) and 2323(b)(2); Title 21,

United States Code, Section 853(p))

CRIMINAL FORFEITURE<br>ALLEGATION AS TO COUNT TWO

  35.  The United States hereby gives notice to the defendants that, upon their

conviction of the offense charged in Count Two, the government will seek forfeiture in

accordance with: (a) Title 18, United States Code, Section 982(a)(2), which requires any person

convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained

directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section

545, which requires the forfeiture of any merchandise introduced into the United States in

violation of Title 18, United States Code, Section 545, or the value thereof.

  36.  If any of the above-described property, as a result of any act or omission

of the defendants:

   (a)  cannot be located upon the exercise of due diligence;

   (b)  has been transferred or sold to, or deposited with, a third party;

11

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendants up to the value of the forfeitable property described in this forfeiture

allegation.

(Title 18, United States Code, Sections 982(a)(2) and 982(b)(1); Title 21, United

States Code, Section 853(p))

## CRIMINAL FORFEITURE
## ALLEGATION AS TO COUNT FOUR

37.     The United States hereby gives notice to the defendant charged in Count

Four that, upon her conviction of such offense, the government will seek forfeiture in accordance

with Title 18, United States Code, Section 982(a)(6), which requires any person convicted of

such offense to forfeit any conveyance, including any vessel, vehicle or aircraft, used in the

commission of such offense; any property, real or personal, that constitutes or is derived from or

is traceable to the proceeds obtained directly or indirectly from the commission of such offense;

and any property, real or personal, that is used to facilitate, or is intended to be used to facilitate,

the commission of such offense.

38.     If any of the above-described property, as a result of any act or omission

of the defendant:

(a)     cannot be located upon the exercise of due diligence;

12

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture

allegation.

(Title 18, United States Code, Sections 982(a)(6) and 982(b)(1); Title 21, United

States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2018R1033
FORM DBD-34
JUN. 85

No.

UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

XIAO YING HUANG, *also known as "Linda" and "Ying," QIONG CHAN MU, also known as "Rosanna," and REN ZHONG ZHU, also known as "Ren" and "Ah Zhong,"*

Defendants.

INDICTMENT

(T. 18, U.S.C., §§ 371, 982(a)(2), 982(b)(1), 1546(a), 2320(a), 2320(a)(1), 2320(b)(1)(A), 2323(b)(1), 2323(b)(2) and 2551 et seq.; T. 21, U.S.C., § 853(p))

_____

*A true bill.*

_____
                                    Foreperson

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 2018*

_____
                                    Clerk

*Bail, $* _____

*William Campos and Temidayo Aganga-Williams, Assistant U.S. Attorneys, Robert Kaftal, Special Assistant U.S. Attorney, James Yoon, U.S. DOJ Trial Attorney*